**Simon S. KAPRAL, Appellant,**

v.

**Irmgard S. HARTZELIUS, as Executrix of the Estate of Dwight R. Hartzelius, Deceased, Appellee.**

**No. 11966.**

United States Court of Appeals Fourth Circuit.

Argued March 8, 1968.

Decided March 26, 1968.

John J. O'Connor, Jr., Baltimore, Md. (John Wheeler Glenn, and O'Connor & Preston, Baltimore, Md., on brief), for appellant.

John H. Mudd, John Harris Gurley and Semmes, Bowen & Semmes, Baltimore, Md., on brief, for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and MERHIGE, District Judge.

PER CURIAM.

In a suit for personal injuries which resulted from a collision between the automobile in which plaintiff was a passenger and the automobile operated by defendant's decedent, the jury returned a verdict for defendant. This appeal is from the judgment entered thereon. The

collision occurred on the Baltimore-Washington Expressway when the automobile operated by defendant's decedent which was proceeding south jumped across the median strip and collided head-on with the car which was proceeding north, in which plaintiff was seated beside the driver. According to medical evidence, defendant's decedent had a fatal, or completely disabling, heart attack just prior to the accident. Numerous errors are assigned on appeal.

 The district judge instructed the jury that defendant's decedent was "presumed to have exercised ordinary care for his own safety" in the operation of his automobile, but that the jury could consider the evidence of his negligence which had been offered in determining whether he was negligent and whether such negligence was a proximate cause of plaintiff's injuries. The instruction about the presumption of due care was derived from our decision in State of Maryland for Use of Geils v. Baltimore Transit Company, 329 F.2d 738 (4 Cir. 1964), in which we held such an instruction required for the benefit of a plaintiff's decedent in a suit for wrongful death and a companion case for medical expenses, funeral expenses, pain and suffering. So long as such a presumption is part of Maryland law and an instruction concerning the presumption proper, we find no reason or authority to say that it must be given in regard to a plaintiff's decedent and not in regard to a defendant's decedent, or that it is applicable only to an issue of contributory negligence and not to an issue of primary negligence. We conclude that the instruction was proper, and plaintiff's contention to the contrary lacking in merit.

A careful review of the record satisfies us that, under the circumstances reflected therein, there was no error in the denial of certain of plaintiff's requested instructions, in the district judge's rulings on objections to plaintiff's cross-examination of defendant's expert medical witness, in refusing to permit plaintiff to call as a witness a so-called "accident reconstruction expert," or in the district judge's other rulings on evidence. We deem the contentions that the district judge engaged in preferential and prejudicial treatment of defendant, the executrix and widow of her decedent, and that the district judge condoned like conduct on the part of her counsel in her direct examination, patently frivolous, totally unwarranted and totally unjustified.

Affirmed.